UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 19, 2013

LETTER TO ALL COUNSEL

 Re: *Rebecca Ramona Jones v. Commissioner of Social Security*
   Civil No. SAG-10-3047

Dear Counsel:

 On October 28, 2010, Rebecca Jones petitioned this Court to review the Social Security Administration's denial of her claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19, 24). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g), 1383(c)(3); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). I will grant the Commissioner's motion and deny Ms. Jones's motion. This letter explains my rationale.

 Ms. Jones applied for SSI on July 28, 2008, alleging a disability onset date of November 1, 2006. (Tr. 92-94). Her claim was denied initially on November 6, 2008, and on reconsideration on March 31, 2009. (Tr. 76-78, 85-86). A hearing was held on January 7, 2010, before an Administrative Law Judge ("ALJ"). (Tr. 28-63.) Following the hearing, on April 22, 2010, the ALJ issued an opinion denying benefits. (Tr. 10-27). Because the Appeals Council denied Ms. Jones's request for review, (Tr. 1-5), the ALJ's decision is the final, reviewable decision of the agency.

 The ALJ evaluated Ms. Jones's claim using the five-step sequential process for claims involving SSI, as set forth in 20 CFR § 416.920. At step two, the ALJ found that Ms. Jones suffered from severe impairments including depression, anxiety, Sarcoidosis, and Chronic Obstructive Pulmonary Disease (COPD). (Tr. 12). Despite these impairments, the ALJ determined that Ms. Jones had retained the residual functional capacity ("RFC") to:

> [P]erform a range of light work as that term is defined in 20 CFR 416.967(b); however, the claimant can perform postural activities only occasionally, and she can never climb to or work at heights or with hazardous machinery. In addition, the claimant must never work in poorly ventilated environments[,] and she must avoid concentrated exposure to dusts, fumes, odors, gases, and extremely cold temperatures. Finally, due to the symptoms of her mental impairments, the claimant is limited to simple, routine, non

*Rebecca Ramona Jones v. Commissioner of Social Security*
Civil No. SAG-10-3047
March 19, 2013
Page 2

>  production pace unskilled work that is essentially isolated but that in no event requires more than occasional interactions with supervisors, co-workers, and/or the general public.

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ found that Ms. Jones could perform jobs that exist in significant numbers in the local and national economies, and that she was therefore not disabled during the relevant time frame. (Tr. 22-23).

Ms. Jones asserts two arguments in support of her appeal: first, that the ALJ failed to properly evaluate the plaintiff's impairments at step three of the sequential evaluation process, and, second, that the ALJ erroneously assessed the plaintiff's RFC. Each argument lacks merit.

First, Ms. Jones submits that the ALJ erred in evaluating whether her respiratory impairments met or equaled the relevant listings. Where there is factual support that a Listing could be met, an ALJ must analyze whether the claimant's impairment meets or equals the listing. *See Cook v. Heckler,* 783F.2d 1168, 1173 (4th Cir. 1986). However, "[u]nder *Cook*, the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel,* 68 F.Supp.2d 629, 645 (D. Md. 1999).

Ms. Jones contends the ALJ committed reversible error by failing to consider Listing 3.02C and by omitting any discussion of the results from several of Ms. Jones's pulmonary function tests. A single breath diffusing capacity of the lung for carbon monoxide ("DLCO") test may be used where existing evidence is not adequate to establish a pulmonary functional impairment. 20 C.F.R. pt. 404, subpt. P, app. 1, § 3.00. To meet 3.02C, a DLCO must show less than 10.5 mL/min/mm Hg or less than 40 percent of the predicted normal value. *Id.* § 3.02C. Further, for adjudication, the DLCO value must represent the mean of two acceptable tests, and the inspired volume for each test "should be at least 90 percent of the previously determined vital capacity (VC)." *Id.* § 3.00(F)(1). None of the DLCO tests Ms. Jones submitted met these requirements. The March 6, 2009 test report shows a recorded inspired volume value of 62 percent. (Tr. 956-58). Two earlier tests measured DLCO values at or below 40 percent, but neither indicated inspired volume ("VI") or inspiratory vital capacity ("IVC") as required.[1] (Tr. 348, Tr. 350). It was unnecessary to evaluate 3.02C when no acceptable test results were in the record. Moreover, the ALJ compared Ms. Jones's $FEV_1$ and FVC values to those required to meet Listings 3.02A and 3.02B. (Tr. 16-17). The ALJ is not required to discuss each subsection, *Tolliver v. Astrue*, 3:09CV372-HEH, 2010 WL 3463989, at *3 (E.D. Va. Sept. 3, 2010) (citing *Ours v. Astrue*, No. 07–112, 2008 WL 4467161, at *14 (N.D.W.Va. Sept.30, 2008)).

Second, Ms. Jones argues the ALJ erroneously assessed her RFC by mischaracterizing her pulmonary issues and sleep apnea. "[A]n RFC assessment is sufficient if it includes a narrative discussion of the claimant's symptoms and medical source opinions." *Taylor v. Astrue*,

---

[1] The March 6, 2009 test showed a measurement of 1.08 IVC Liters. (Tr. 958). None of the three earlier tests indicate inspired volume or inspiratory vital capacity measurements in their diffusion capacity sections. (Tr. 348-50).

*Rebecca Ramona Jones v. Commissioner of Social Security*
Civil No. SAG-10-3047
March 19, 2013
Page 3

Civil Action No. BPG-11-0032, 2012 WL 294532, at *6 (D. Md. Jan. 31, 2012) (internal quotations and citations omitted).

In assessing Ms. Jones's sleep apnea at step two, the ALJ cited to several nocturnal polysomnography studies that showed improvement following treatment with a prescribed BiPAP device. (Tr. 13, 293-94, 302-03.) In the RFC assessment, the ALJ observed that the claimant's pulmonologist noted Ms. Jones had "compliance issues in regard to keeping scheduled appointments," and "questionable BiPaP compliance[.]" (Tr. 20, 306, 312.) Ms. Jones's later sleep studies showed mixed results: in September 2007, improvement in some areas after she ceased taking Klonopin before bed, (Tr. 302-03); and in July 2008, improvement in her obstructive sleep apnea, but continued issues with central sleep apnea and hypoxemia, (Tr. 293-94). Ms. Jones points to an August, 2008, letter in which a nurse practitioner reports that she is "at a loss as to how to treat [Ms. Jones's] complex apnea" as evidence of the ALJ's mischaracterization. (Tr. 10, 306.) However, in the same letter, the nurse practitioner noted that Ms. Jones was morbidly obese and that she was not always compliant in keeping scheduled appointments. (Tr. 306.) By the time of the ALJ hearing, Ms. Jones had lost a significant amount of weight and was no longer obese. (Tr. 33-34.) Ms. Jones fails to put forward any evidence following August, 2008, that demonstrates she continued to seek treatment for sleep apnea. Most importantly, she did not cite any medical opinion suggesting that the sleep apnea caused work-related physical or mental limitations.

Ms. Jones next relies primarily on her "Listing-level" DLCO test results to argue that the ALJ mischaracterized her pulmonary issues. Since those tests did not meet the requirements of Listing 3.02C, there is no need to address this part of her argument. The ALJ's opinion contains an extensive summary of Ms. Jones's testimony and medical evidence related to her breathing and pulmonary issues. (Tr. 16, 19-21.) Ms. Jones points to references in the record of her "need for, and use of, supplemental oxygen" to argue the ALJ's RFC assessment was not properly supported. Of those citations, one demonstrates that she was told to arrange for home oxygen in December 2007 after an eight-day hospitalization for pneumonia. (Tr. 231.) The many others fall into three categories: Ms. Jones being supplied with oxygen after arriving at the emergency room for complaints ranging from shortness of breath to a headache, (Tr. 414, 424-33, 434, 501, 533, 606, 621, 894, 727-31); references to oxygen use at night to help with her sleep apnea, (Tr. 193-94, 662); and her own reports to medical professionals that she is on oxygen or their observations that she sometimes carried a portable oxygen tank, (Tr. 279, 282, 311-13, 414, 424-33. 500-16, 559-62, 639, 665, 678). The ALJ considered Ms. Jones's four hospitalizations for pneumonia and bronchitis between April 2007 and May 2009. (Tr. 16.) The ALJ also contemplated the June 18, 2008 consultation in which Ms. Jones was found to have normal oxygen saturation while sitting and a diminished one after walking. (Tr. 19-20, 311-13.) The ALJ found that Ms. Jones's pulmonary issues are severe, (Tr. 16), but agreed with the State agency medical consultants who found that Ms. Jones retains the capacity to perform a range of sedentary to light work activities, (Tr. 21.) Accordingly, the ALJ's RFC determination is supported by substantial evidence.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for

*Rebecca Ramona Jones v. Commissioner of Social Security*
Civil No. SAG-10-3047
March 19, 2013
Page 4

Summary Judgment (ECF No. 24) and DENIES Ms. Jones's Motion for Summary Judgment (ECF No. 19).  The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

                                        Sincerely yours,


                                         /s/

                                         Stephanie A. Gallagher
                                         United States Magistrate Judge